IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMERICAN GENERAL LIFE
INSURANCE COMPANY, a Texas
corporation,

    Interpleader Plaintiff,

v.                                                                         CIV 16-0162 KG/KK

ZOE TILLER; E.T., a minor; B.T., a
minor; T.T., a minor; and Does 1 to 5,

    Interpleader Defendants.


STIPULATED ORDER FOR DISCHARGE AND DISMISSAL WITH PREJUDICE IN
FAVOR OF PLAINTIFF IN INTERPLEADER AMERICAN GENERAL

Upon review and consideration of the Stipulation for Discharge and Dismissal With Prejudice in Favor of Plaintiff American General, duly executed by the respective attorneys for plaintiff in interpleader American General Life Insurance Company ("American General") and defendants Zoe Tiller; E.T., a minor; B.T., a minor; and T.T., a minor ("defendants"); and it appearing that this Court has jurisdiction of the parties and the subject matter and that good cause appears therefor,

IT IS HEREBY ORDERED AND DETERMINED as follows:

1. American General issued Universal Life Employee Policy A41150608L ("the Policy") to Brandon Tiller ("the Decedent") on June 1, 2013 with coverage of $105,717.00.

2. At the time of issuance of the Policy, and at all times thereafter, the named beneficiaries of the Policy were "Zoe Tiller, Wife, 10%" and "All Natural Children, Equal Shares, 90%."

3. The Decedent died in an automobile accident on August 18, 2013. On October 19, 2015, after it was determined that there were no legal obstacles to Zoe Tiller's sharing in the recovery of the life insurance proceeds, American General paid her the sum of $10,563.47, representing her 10 percent share of the death benefit minus premium due. (Court Doc. 1-1.)

4. In a claim form, Zoe Tiller identified the three minor defendants named herein as "the natural born children of Brandon Tiller." In the letter accompanying its payment as set forth in paragraph 3 above, American General advised Zoe Tiller that it could not pay the children without certain specified court orders directing payment. As of March 4, 2016, the date of filing of this action, Zoe Tiller had not provided American General with the necessary court orders.

5. As a result of the above, American General was uncertain to whom it might safely pay the death benefit owed to the children and therefore filed this suit in interpleader. By its suit in interpleader, American General requested that the Court determine the rightful recipient(s) of the death benefit; and the Court declare: (a) that American General had satisfied its duties and obligations with respect to the Policy, and (b) that American General owed no other duties or obligations to any party under the terms of the Policy.

6. All defendants were served with the summons and complaint in this action on March 21, 2016.

7. On or about April 5, 2016, American General delivered to this Court the sum of $95,071.20 for deposit into its registry. See Notice of Deposit, Court Doc. 18. This sum represented the full remaining 90 percent of the death benefit, minus the premium due, that

was payable under the Policy to the minor children of the decedent, defendants E.T., B.T., and T.T.   Nothing more is due under the Policy.

8. On May 19, 2016, upon American General's request (Court Docs. 11-14), the Clerk of the Court entered the defaults of the defendants, as all had failed to file responsive pleadings.  (Court Doc. 15.)  Defendants have moved for relief from the defaults (Court Doc. 16), to which American General does not object.

9. On July 27, 2016, in the Thirteenth Judicial District Court, County of Cibola, New Mexico, the Hon. Pedro G. Rael, District Court Judge, appointed Zoe Tiller temporary conservator of the estates of her minor children, E.T., B.T., and T.T., and appointed Kenneth C. Leach, Esq., a member of the State Bar of New Mexico , as their Guardian ad Litem.  A true and correct copy of the Notice of Appointment filed August 3, 2016, with redactions of the minors' names to protect their privacy, is attached as **Exhibit A** to the parties' stipulation for the discharge and dismissal with prejudice of American General.

10. As all of the proceeds owed under the Policy have now been interpleaded and deposited with the Court, American General now appropriately seeks its dismissal and discharge from this action.

11. The Court has jurisdiction over this lawsuit pursuant to Rule 22 of the Federal Rules of Civil Procedure and to 29 U.S.C. § 1332, in that American General is a citizen of the State of Texas and all defendants are citizens of the State of New Mexico, and the amount in controversy exceeds $75,000.

12. American General properly filed the Complaint for Interpleader Relief in this action and stated a proper cause for interpleader.

13. American General is entitled to an order of discharge in interpleader in its favor in this action and as to all defendants;

14. Having brought this action and deposited with the Court all remaining Policy proceeds, in the amount of $95,071.20, American General shall be discharged from any and all liability to all defendants in this action based upon and/or with respect to the terms of the Policy, the death benefit payable under the Policy, American General's administration of the Policy, defendants' claims for the death benefit payable under the Policy, and American General's filing of its complaint in interpleader and depositing the life insurance proceeds with the Court.

15. American General agrees to waive its right to seek recovery of costs and fees incurred in connection with the Policy and this action.

16. Defendants shall be restrained and/or prohibited from instituting or prosecuting any proceeding in any state court, United States Court, tribal court, tribal council, or administrative tribunal against American General based upon or with respect to the terms of the Policy, the death benefit payable under the Policy, American General's administration of the Policy, defendants' claims for the death benefit payable under the Policy, and American General's filing of its complaint in interpleader and depositing the life insurance proceeds with the Court.

17. American General shall be and hereby is dismissed with prejudice from this action.

18. This action shall proceed between and among defendants.

19. All defendants shall bear their own attorneys' fees and all costs as against American General related to this action, and shall never be able to recover from American General any costs or attorney fees related to this action.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE